UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRANCE DEVON FINDLEY,<br>  *Plaintiff*, | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION H-13-1941 |
| PETCO ANIMAL SUPPLIES, INC.,<br>  *Defendant*. | §<br>§<br>§ | |

## SUMMARY JUDGMENT OPINION AND ORDER

This personal injury case is before the court on defendant's partial motion for summary judgment (Dkt.34). The motion is denied.

## Background

The following facts are undisputed for purposes of this motion. Findley slipped and fell in a PetCo store in Houston, Texas on December 28, 2012. He severely injured his knee. Findley sued PetCo in state court for negligence, claiming damages for past and future physical pain, mental anguish, disfigurement, physical impairment, and medical expenses. Petco removed the case to federal court on the basis of diversity jurisdiction, and now moves for summary dismissal of any claim by Findley for lost wages or lost earning capacity.

## Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*,

274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *In re Segerstrom*, 247 F.3d 218, 223 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002).

If the evidence presented to rebut the summary judgment is not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). In determining whether a genuine issue of material fact exists, the court views the evidence and draws inferences in the light most favorable to the nonmoving party. *Id.* at 255.

**Analysis**

Petco argues it is entitled to partial summary judgment because Findley did not plead a claim for lost wages or lost earning capacity in his original petition, and because he has no evidence to support these types of damages.

Findley's original petition pleads damages for physical impairment in the past and future. This is sufficient to put Petco on notice that Findley was seeking lost wages and lost earning capacity due to his injury. To the extent the original petition was deficient, the court construes Findley's response to Petco's motion for summary judgment as a motion to amend and grants it. *See Ganther v. Ingle*, 75 F.3d 207, 211-212 (5th Cir. 1996); *Riley v. School Brd. Union Parish*, 379 Fed. App'x 335, 341 (5th Cir. 2010). Discovery is closed and there is no prejudice to Petco to considering Findley's damages claims on their merits based on the

existing summary judgment record. The issue then, is whether Findley has created a genuine issue of material fact as to his lost wages and his lost earning capacity claims. Findley does not distinguish between the two types of damages, but they are different and the court will analyze them separately.

A.   **Lost Wages**

Lost wages reflect a plaintiff's diminished ability to work between the injury and trial. *Koko Motel, Inc. v. Mayo*, 91 S.W.3d 41, 51 (Tex. App. -- Amarillo 2002, pet. denied). To support such an award, Findley must have sufficient evidence to allow the fact-finder to reasonably measure his earning capacity before his injury. Such evidence may include past earnings, time missed from work, and any other factors that illustrate a reduced ability to work in the past. *Cowboys Concert Hall - Arlington, Inc. v. Jones*, No. 02-12-00518-CV, 2014 WL 1713472 * 16 (Tex. App. -- Fort Worth 2014, n.p.h.).

Findley testified in deposition that he set up a business called "We Haul" in April 2012. In response to interrogatories, Findley asserted lost wages from December 2012 to October 2013 totaling $15,408.11 based on his past earnings from We Haul.[1] Documents evidencing We Haul's work from April 2012 through November 2012 are attached as exhibits to Petco's motion.

---

[1] Under Federal Rule of Civil Procedure 56(c)(1)(A), a party asserting that a fact is genuinely disputed may support that assertion by citing to interrogatory answers. Findley's interrogatory answers are verified, and Findley can testify as to the information in the answers at trial.

Petco argues that because We Haul's records end in November 2012, Findley's lost wages were not caused by the December 2012 incident. Findley testified in deposition that We Haul went out of business because of his injury at Petco. That creates a factual dispute. Petco can cross-examine Findley about the reasons We Haul had no work in December, and the jury will have to assess Findley's credibility. The court concludes that Findley's evidence of lost wages is sufficient to allow the claim to proceed to trial. Petco's motion for summary judgment on Findley's lost wages claim is denied.

### B. Lost Earning Capacity

Lost earning capacity damages reflect the impairment of one's ability to work in the future. "Lost earning capacity is not measured by what a person actually earned before an injury, but by what the person's capacity to earn was even if he had never worked in that capacity in the past." *Big Bird Tree Serv. v. Gallegos*, 365 S.W.3d 173, 178 (Tex. App. -- Dallas 2012, pet. denied). Calculating such impairment constitutes an exercise in uncertainty and leaves much to the discretion of the jury. *Id.*; *Koko Motel*, 91 S.W.3d at 51. However, damages must not be left to conjecture and must be "proved with the degree of certainty of which the case is susceptible." *Koko Motel*, 91 S.W.3d at 51 (quoting *McIver v. Gloria*, 169 S.W.2d 710, 712 (Tex. 1943)). Proof of lost earning capacity may include evidence of past earnings, the plaintiff's stamina, efficiency, and ability to work with pain, and the plaintiff's work-life expectancy. *Big Bird Tree Serv.*, 365 S.W.3d at 178.

In *King v. Skelly*, 452 S.W.2d 691 (1970), the plaintiff, a self-employed contractor doing pipeline work, had no evidence of his pre-injury earnings. However, he testified as to the salary he could have earned pre-injury as pipeline welder, and as to how much he earned after his injury working as a pipeline inspector until his pain forced him to stop. *Id.* at 693-93. Findley's position is a bit different than King's because his primary evidence is his past earnings. But *King* illustrates that there is more than one way to prove lost earning capacity. While not necessarily determinative, Findley's past earnings are one factor a jury may consider in determining lost earning capacity. *Big Bird Tree Serv.*, 365 S.W.3d at 178. Findley also may testify as to his physical pain and stamina.[2] Therefore, Petco's motion for summary judgment on Findley's claim for lost earning capacity is denied.

This case remains set for jury trial on August 4, 2014.

Signed at Houston, Texas on June 27, 2014.

                                                Stephen Wm. Smith
                                                United States Magistrate Judge

---

[2] In response to an interrogatory, Findley states "I am unable to put body weight on the left knee for over 5-10 minutes without pain and stiffness in the left knee. I am unable to run, jog, or walk long distance without experiencing pain. I am also unable to walk up and down the stairs without sharp pain."